Panel rehearing granted and rehearing en banc
denied by opinion filed 3/11/03; opinion filed
1/30/03 is vacated

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

---

NORFOLK SHIPBUILDING & DRYDOCK
CORPORATION,
    *Petitioner,*

v.                    No. 02-1701

TERRY CAMPBELL; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
    *Respondents.*

---

On Petition for Review of an Order
of the Benefits Review Board.
(No. 94-822)

Submitted: November 25, 2002

Decided: January 30, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Gerard W. Voyer, Christopher J. Wiemken, TAYLOR & WALKER, P.C., Norfolk, Virginia, for Petitioner. Robert J. Macbeth, Jr., RUTTER, WALSH, MILLS & RUTTER, L.L.P., Norfolk, Virginia, for Respondents.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Norfolk Shipbuilding and Drydock Corporation ("Norshipco") petitions for review of various orders of the Department of Labor's Benefits Review Board ("BRB"). Because we find that we lack jurisdiction to review the orders appealed from, we dismiss the petition.

Terry Campbell filed a claim for temporary total disability under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). After a hearing in 1994, the Administrative Law Judge ("ALJ") denied the claim. In 1995, Campbell filed a request for modification alleging a change in condition and a mistake in fact regarding his ability to perform the alternate employment offered by Norshipco.

After a second hearing in 1996, the ALJ denied Campbell's motion, finding that there had been no change in condition and no mistake in fact. Campbell appealed, and on June 17, 1998, the BRB affirmed the ALJ's determination that there had been no change in condition. However, the Board remanded for further consideration of Campbell's ability to perform the light-duty work offered by Norshipco.

In 1999, the ALJ ruled that the light-duty work offered by Norshipco was outside Campbell's restrictions and was, therefore, not suitable alternate employment. Thus, the ALJ awarded permanent partial disability benefits. Following this order came several years of further litigation, including two successful appeals to the BRB by Norshipco. The ALJ entered his final order, awarding limited benefits to Campbell on April 26, 2002. On May 29, Norshipco filed a notice of appeal to the BRB, seeking a final order so that it could file a petition for review with this court of the BRB's June 17, 1998 decision. Without waiting for a final order, Norshipco filed a petition for review in this court on June 27, 2002. The BRB affirmed the ALJ's

2

April 26, 2002 order and affirmed its prior orders in a final decision filed July 2, 2002.

Norshipco's petition for review predated the BRB's final order. While Norshipco's petition was timely filed as to the ALJ's April 26, 2002 order, administrative decisions under the LHWCA are only reviewable by this court if they constitute a "final order of the Board [BRB]." 33 U.S.C. § 921(c) (2000). Thus, we have no jurisdiction to review the administrative law judge's order. *See Elliot Coal Mining Co. v. Director, OWCP*, 956 F.2d 448, 449-50 (3d Cir. 1992). Since there has been no petition filed regarding the BRB's final order, the petition is dismissed. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

3